**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

JEREMY BURNS
ADC # 651973                                                                                    PLAINTIFF

V.                                  CASE NO. 4:11CV00285 BRW/BD

FAULKNER COUNTY DETENTION CENTER, *et al.*                    DEFENDANTS

**RECOMMENDED DISPOSITION**

**I.      Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge Billy Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or "statement of necessity" to:

   Clerk, United States District Court
   Eastern District of Arkansas
   600 West Capitol Avenue, Suite A149
   Little Rock, AR 72201-3325

**II.    Introduction:**

Plaintiff Jeremy Burns, a pre-trial detainee at the Faulkner County Detention Center ("Detention Center"), brings this action pro se under 42 U.S.C. § 1983. (Docket entry #2) Mr. Burns alleges that on March 13, 2011, he slipped while getting out of the shower and injured his arm. He claims that he slipped because there are no "non-slip mats" or hand rails at the Detention Center. In addition, he states that he had to wait for an hour "in pain before help was called." Mr. Burns has failed to state a claim for relief under 42 U.S.C. § 1983.

**III.   Discussion:**

Federal courts are required to screen prisoner complaints seeking relief against a government entity, officer, or employee and dismiss any part of a complaint that raises claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money from a defendant who is immune from paying damages. 28 U.S.C § 1915A(b).

   A.    Negligence

Mr. Burns claims that he slipped while getting out of the shower because there are no shower mats or hand rails in the showers at the Detention Center. At most, the Defendants' conduct was negligent. Unfortunately for Mr. Burns, negligence cannot support a claim under 42 U.S.C. § 1983. See *Terrell v. Larson*, 396 F.3d 975, 978 (8th

Cir. 2005) (en banc) (noting that mere negligence is insufficient to establish liability under § 1983).

Further, to the extent that Mr. Burns claims that the named Defendants violated Detention Center policy by failing to use either non-slip mats or hand rails in the showers, this claim also fails. The failure to follow prison procedures is not the kind of conduct that gives rise to liability under 42 U.S.C. § 1983. See *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003).

  B.  Deliberate Indifference

Prison officials violate the Eighth Amendment if they commit "acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). Failing to provide medical care to prisoners can amount to a constitutional violation, but only when the plaintiffs show, "(1) that they suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Hines v. Anderson*, 547 F.3d 915, 920 (8th Cir. 2008) (quoting *Dulany v. Carnahan*, 132 F.3d 1234 (8th Cir. 1997)).

To prevail, a prisoner must show, "more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Alberson v. Norris*, 458 F.3d 762, 765 (8th Cir. 2006) (citing *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)).

Mr. Burns alleges that after he fell getting out of the shower, he had to wait an hour "in pain before help was called." However, he admits that when he notified Cpl. Jackson that he was injured, Cpl. Jackson notified the nurse, Ms. Bryant, "without delay." Ms. Bryant ordered an ice-pack for swelling and ibuprofen for pain.

Although Mr. Burns may have had to wait an hour before being transported to Conway Regional Medical Center, that relatively brief delay does not constitute deliberate indifferent to serious medical needs. Based upon Mr. Burns's own account of events, his injuries were promptly treated. At most, he has alleged negligence in the failure to provide him more substantial medical treatment and immediate transport to the Conway Regional Medical Center. Because negligence fails to rise to the level of a constitutional violation, this claim fails.

## IV. Conclusion:

The Court recommends that Mr. Burns's claims be DISMISSED without prejudice. The Court also recommends that the Court certify that an *in forma papueris* appeal of this dismissal would be frivolous and not taken in good faith.

DATED this 5th day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

4